United States District Court
Southern District of Texas
ENTERED
SEP 18 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED
SEP 17 1998
Michael N. Milby, Clerk of Court

12

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | |
|---|---|
| CATHY NIETO D'ANNA § | |
| Plaintiff § | |
| § | |
| VS. § | CIVIL ACTION NO. B-98-078 |
| § | |
| THE NEIMAN-MARCUS GROUP, INC § | |
| d/b/a NEIMAN MARCUS § | |
| Defendant § | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before this Court is a Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted and Brief in Support filed by The Neiman Marcus Group, Inc., d/b/a Neiman Marcus ("Neiman Marcus"). (Docket No. 7). Plaintiff Cathy Nieto D'Anna ("D'Anna") filed a Response to Defendant's Motion to Dismiss. (Docket No. 9). Defendant filed a Reply in Support of its Motion to Dismiss (Docket No. 10). Subsequently, Plaintiff filed a Response to Defendant's Reply in Support of its Motion to Dismiss. (Docket No. 11).

For the reasons set forth below, Defendant's Motion to Dismiss should be granted in part and denied in part.

### THE SUIT

D'Anna filed suit against Neiman Marcus for violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 1981, 1981a, et seq. (Docket No. 3). Neiman Marcus contends that D'Anna's §1981 and Title VII claims are time-barred, and thus warrants dismissal of D'Anna's lawsuit. (Docket No. 7). D'Anna argues that her suit under Title VII was brought timely within ninety (90) days from the receipt of the United States Equal Employment

Opportunity Commission's ("EEOC" and "Agency") Notice of Rights to Sue as required by 42 U.S.C. § 2000e-5(f)(1). (Docket No.3). As to D'Anna's §1981 claim, this Court is without the benefit of her position as D'Anna did not brief the issue.

In 1993, D'Anna was employed by Neiman Marcus as a department manager. (Docket No. 3, p.2). During July 1993, D'Anna alleges she was the only Hispanic department manager working in the Neiman Marcus "Towne & Country" store. (Docket No. 3, p.2). D'Anna alleges that on July 22, 1993 she was terminated based solely on consideration of her Hispanic origin, and replaced by a non-Hispanic (Anglo) male. (Docket No. 3, p.3-4). Prior to her discharge, D'Anna avers that she was subjected to a hostile work environment created by her immediate supervisor. (Docket No. 3, p.2).

Subsequently, D'Anna filed a charge of discrimination with the EEOC pursuant to 42 U.S.C. § 2000e-5. There is a substantial fact dispute with respect to the events that followed and led to D'Anna's receipt of a Notice of Rights to sue issued by the EEOC. The outcome of this fact dispute will affect the outcome of the case.

D'Anna alleges that subsequent to filing her claim with the EEOC, she remained in contact with the EEOC by mail and by telephone to keep them apprised of her subsequent address changes. (Docket No. 9, p.2 & Affidavit of Cathy Nieto D'Anna). Neiman Marcus contends that the EEOC's file does not support D'Anna's statement that she informed the EEOC of her address changes and continued to stay in touch with the agency. (Docket No. 10, p.4).

Neiman Marcus contends that the EEOC's case file reflects D'Anna notified the EEOC in writing of her change of address to 4900 Woodstone Dr., No.404 in San Antonio, Texas where the right-to-sue notice was eventually sent in December 1997. (See Docket No. 10, Ex.

2

A, p.5). Neiman Marcus maintains the EEOC's case log (Docket No. 10, Exhibit A, pp.1-3) shows consistent contact between D'Anna and the EEOC from 1993 through May 16, 1995, and no contact thereafter. (Docket No. 10, p.4). Further, Neiman Marcus notes that, based on the EEOC's unsuccessful attempt to contact D'Anna in October 1997, the agency issued her a letter on October 26, 1997 warning her that her file would be closed if she did not contact the agency. (Docket No. 10, p.5). The EEOC subsequently dismissed the charge based on D'Anna's alleged failure to contact the agency. (Docket No. 10, p.5).

On December 9, 1997, the EEOC issued a notice of dismissal and right-to-sue notice indicating that D'Anna had ninety (90) days from receipt of the notice to bring suit individually against Neiman Marcus. (Docket No.10, p.5). The notice was sent via certified mail to the Woodstone address in San Antonio, Texas provided by D'Anna. (Docket No. 10, p.5). D'Anna allegedly did not claim the letter from the post office and it was returned to the agency. (Docket No. 10, p.5). On February 4, 1998, the EEOC issued another letter to the same address indicating the return and urged her to contact the agency. (Docket No. 10, p.5). Neiman Marcus contends that the EEOC obtained D'Anna's new address in March 1998, and re-issued her the right-to-sue notice via certified mail to 9939 Fredericksburg Rd, No. 1817, San Antonio, Texas. (Docket No. 10, p.5). It is Neiman Marcus' position that D'Anna had ninety (90) days from receipt of the December 1997 certified mailed notice in her Woodstone Dr. mailbox to bring suit under Title VII.

D'Anna maintains that she did not receive the December 1997 right to sue notice because she no longer resided at the Woodstone Dr. address. (Docket No.11, p.2). D'Anna alleges that she notified the EEOC of her address change, yet the EEOC failed to properly and accurately

3

document this information. (Docket No. 11, p.3). D'Anna points to various omissions in the EEOC's log in support of her position that fault lies with the EEOC. (Docket No. 11, p.3). First, D'Anna notes that the EEOC log does not reference the February 4, 1998 letter allegedly issued to D'Anna. (Docket No. 11, p.3). This letter notified D'Anna that the December 1997 right-to-sue notice had been returned. (Docket No. 11, p.3). Further, D'Anna calls the Court's attention to the EEOC's log failure to reference receipt of D'Anna's address change to the Fredericksburgh Rd. residence which enabled delivery of the March 1998 right-to-sue notice. (Docket No. 11, p.2).

This Court has made a careful review of the EEOC file which has resulted in the following observations. First, the EEOC log reflects that on January 31, 1993 and May 24, 1994 D'Anna called to alert the EEOC of a change of address. However, the agency log fails to reference receipt of D'Anna's September 7, 1993 letter, contained in EEOC's case file, wherein she provided the Woodstone Dr. address change. (Docket No. 10, Exhibit A, p.5). Further, this Court is unable to determine why the EEOC continued to issue D'Anna such vital correspondence, such as the October 1997[1] notice, the December 1997 right-to-sue letter, and the February 4, 1998 notice[2], to the Woodstone address in light of the May 24, 1994 change of address. (Docket No. 10, Ex. A, pp.6,7 & 9).

Second, the EEOC log reflects that the EEOC attempted to telephonically contact D'Anna three times in Houston, Texas during October 1997. (Docket No. 10, Ex. A, p.2 &3) Yet, the

---

[1] This letter alerted D'Anna that her filed would be closed if she did not contact the agency. The EEOC log indicates that the last contact with D'Anna prior to this letter had been in May 1995.

[2] This letter apprised D'Anna that a right-to-sue notice issued in December 1997 had been returned and urged her to contact the agency.

4

same day the EEOC tried to contact D'Anna in Houston, the EEOC mailed the October 1997 notice alerting D'Anna that her case would be closed to San Antonio, Texas Woodstone address. (Docket No. 10, Exhibit A, p.3). The log is again void of any entry explaining such a discrepancy.

## STANDARD OF REVIEW

If, on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of pursuant to Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(b). In the present case, D'Anna attached to her Response to Defendant's Motion to Dismiss D'Anna's affidavit, the charge of discrimination filed with the EEOC, and the dismissal and notice of right-to-sue letter which this Court will consider. Consequently, this motion should now be disposed of under the summary judgment standard of review.

Summary judgment is proper if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248.

The moving party under Fed. R. Civ. P. 56 bears the initial burden of (1) informing the court of the basis for its belief that there is an absence of a genuine issue for trial, and (2) identifying those portions of the record that demonstrate such absence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-587 (1986). Once the moving party has met its

5

burden, the nonmovant "must come forward with 'specific facts that there is a genuine issue for trial.' " *Matsushita*, 475 U.S. at 586-587 (quoting Fed.R.Civ.P. 56(e)).

## DISCUSSION AND RECOMMENDATION

### SECTION 1981 CLAIM

Claims brought under 42 U.S.C. § 1981 are subject to a two-year statute of limitations. *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988). In her amended complaint, D'Anna pleads that her employment was terminated on July 22, 1993. (Docket No.3, p.3). However, D'Anna filed this action five years later on June 1, 1998. Accordingly, D'Anna's section 1981 claim is time-barred and should be dismissed.

It is therefore recommended that Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted should be **GRANTED** as to D'Anna's claim brought under 42 U.S.C. §1981.

D'Anna also brings a claim under 42 U.S.C. § 1981(a). However, this section, as a part of the Civil Rights Act of 1991, simply provides for jury trials and recovery of damages in Title VII actions and does not create a cause of action. Accordingly, D'Anna's section 1981(a) claim should also be dismissed.

It is therefore recommended that Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted should be **GRANTED** as to D'Anna's claim brought under 42 U.S.C. §1981(a).

### TITLE VII CLAIM

A party must bring suit within ninety (90) days after the receipt of a right to sue letter. 42 U.S.C. § 2000e-5(f)(1); *Espinoza v. Missouri Pacific Railroad Co.*, 754 F.2d 1247, 1248-49

(5th Cir. 1985). The ninety (90) day requirement is akin to a statute of limitations and the failure to bring suit precludes later action. *Davidson v. Service Corporation International*, 943 F.Supp. 734, 737 (S.D.Tex. 1996), *aff'd*, 132 F.d. 1454 (5th Cir. 1997). The ninety (90) day period starts to run on the date the right to sue letter is received at the address supplied to the EEOC by the claimant, not when the claimant actually receives the letter. *Espinoza*, 754 F.2d at 1249.

However, the Supreme Court, in *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149-152 (1984), held that the doctrine of equitable tolling may be applied to toll the ninety day period for filing suit under Title VII. The Court held that equitable tolling is proper in the following instances: where a claimant has received inadequate notice; where there is a pending motion for appointment of counsel; where the court has led to the Plaintiff to believe she has done everything required of her; or where affirmative misconduct on the part of a Defendant lulled the Plaintiff into inaction. *Baldwin*, 466 U.S. at 151. In *Chappell v. Emco Machine Works, Co.*, 601 F.2d 1295 (5th Cir. 1979), the Fifth Circuit discussed other possible grounds for tolling the ninety day filing period. These include the pendency of a suit between the same parties in the wrong forum, the Plaintiff's unawareness of facts which give rise to a claim because the Defendant intentionally conceals their existence, and the EEOC's misleading the Plaintiff regarding the nature of the Plaintiff's rights. *Chappell*, 601 F.2d at 1302-03.

The *Baldwin* and *Chappell* bases for tolling are not exhaustive and a Plaintiff's inability to satisfy the requirements of either court are not necessarily fatal to a Plaintiff's claim. *Wilson v. Dep't of Veteran Affairs*, 65 F.3d 402, 404 (5th Cir. 1995). However, it is clear that a Plaintiff must exercise due diligence in preserving one's legal rights to invoke the equitable

tolling doctrine. "[W]e have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Dep't of Veteran Affairs,* 498 U.S. 89, 96 (1990).

Based on the evidence presented in this case, it is this Court's opinion that a genuine issue of material fact exists as to whether the D'Anna exercised due diligence in preserving her legal rights entitling her to invoke the equitable tolling doctrine.[3] There is evidence that suggests that the manner in which the EEOC handled D'Anna's claim contributed to D'Anna's failure to receive the December 1998 right-to-sue letter and timely file this suit. See *Salmat v. Village Inn Pancake Houses, Inc.,* 757 F.SUPP.. 1318, 1320 (W.D.Okla. 1991) (holding an aberrancy in the EEOC process which could be directly linked to plaintiff's failure to timely file suit justified equitable tolling). Specifically, the following series of the EEOC's acts and omissions raise the question of fact:

1. In a letter dated September 7, 1993, D'Anna alerts the EEOC of her address change to the Woodstone Dr. residence. However, the EEOC fails to reference receipt of this correspondence and does not indicate a change of address.

2. In October 1997, the EEOC mailed D'Anna a notice[4] to an address D'Anna gave in 1993 despite D'Anna's subsequent change of address given to the EEOC in 1994.

3. In October 1997, the EEOC log reflects attempts to contact D'Anna telephonically

---

[3]The equitable tolling doctrine has not been addressed by the parties, and so the Court is without benefit of their positions. However, the Court has done its own legal research based on the events set forth in the parties briefs and raises the issue sua sponte.

[4]This notice alerted D'Anna that if she failed to contact the agency within thirty-three (33) days her case would be dismissed.

in Houston, Texas; yet, the EEOC mailed D'Anna the October notice letter to San Antonio, Texas the same day the EEOC called her in Houston. It is only upon reviewing the letter that such a discrepancy is noted as the log fails to reference the reason for mailing such vital correspondence to San Antonio rather than to Houston.

4. Between December 1997 and March 1998, the EEOC obtained D'Anna's address enabling them to mail her the second right to sue notice. However, the log fails to reference how and when they obtained D'Anna's change of address.

5. On February 4, 1998 the EEOC allegedly sent D'Anna a letter urging her to contact the EEOC after the December 1997 right-to-sue letter was returned by the post office. Absent from the log is any entry noting the issuance of this notice.

The inconsistencies and omissions in the EEOC log raise a genuine issue of material fact. The EEOC's failure to accurately reflect all of its contacts with D'Anna raises a fact question as to whether it was the EEOC's carelessness, rather than D'Anna's lack of diligence, which resulted in D'Anna's failure to receive the December notice and timely file her lawsuit. This fact is "material" because its resolution in favor of one party will affect the outcome of the suit under the law governing Title VII claims. That is, if D'Anna's failure to receive the December right-to-sue notice is attributed to the EEOC's carelessness in noting her address change, D'Anna can invoke the equitable tolling doctrine and avoid dismissal of her lawsuit. If, however, D'Anna's failure to receive the December notice is due to her lack of diligence in keeping the EEOC up to date with her changes of address, D'Anna is not entitled to the protection of the tolling doctrine. D'Anna's suit will then be time-barred and should be dismissed. To achieve fairness to D'Anna and to give her an opportunity for a determination on the merits

of her claim, IT IS THEREFORE **RECOMMENDED** Defendant's Motion to Dismiss should be **DENIED** as to Plaintiff's claims brought under Title VII of the Civil Rights Act of 1964.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 17th day of September, 1998.

John Wm. Black
United States Magistrate Judge